696 S.E.2d 586

**In the Matter of Douglas Francis GAY, Respondent.**

**No. 26839.**

Supreme Court of South Carolina.

Submitted June 8, 2010.

Decided July 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Douglas Francis Gay, of Rock Hill, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

Respondent was hired by the complainants, husband and wife, to defend them in a civil lawsuit. An arbitration hearing was held; wife was unable to attend. The complainants erroneously believed wife's appearance before the arbitrator would be rescheduled.

Approximately two months after the arbitration, the arbitrator issued an award in favor of the plaintiff and notified counsel for both parties. Respondent failed to notify the complainants of the arbitrator's award as well as a letter he received from opposing counsel attempting to collect the award. Approximately three months after the arbitrator issued the award, judgment was entered on the award. The local clerk of court mailed a copy to respondent, but respondent did not notify the complainants of the judgment.

Opposing counsel later filed an execution against the complainants' property and forwarded it to the local sheriff with a copy to respondent. Respondent again failed to notify the complainants.

The complainants learned of the judgment approximately six months after its entry when they received notice from the sheriff. When the complainants contacted respondent, respondent told them he was not informed of the judgment. Respondent agrees he made this statement and explains that his file does not reflect receipt of the judgment or execution against the property, though he does not dispute both documents were mailed to him.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct,

Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); and Rule 1.4(a)(3) (lawyer shall keep client reasonably informed about status of matter). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate the Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**