721 S.E.2d 429

**In the Matter of Douglas Francis GAY, Respondent.**

Supreme Court of South Carolina.

Jan. 13, 2012.

## ORDER

Respondent was arrested and charged with twelve (12) counts of failing to pay withholding taxes to the South Carolina Department of Revenue in violation of S.C.Code Ann. § 12–54–44(B)(2) (2000). The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR, and seeks the appointment of an attorney to protect respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that W. Chaplin Spencer, Jr., Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Spencer shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Spencer may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that W. Chaplin Spencer, Jr., Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that W. Chaplin Spencer, Jr., Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Spencer's office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

/s/Jean H. Toal, C.J.
FOR THE COURT