# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Douglas Francis Gay, Respondent.

Appellate Case No. 2015-000531

---

Opinion No. 27524
Submitted April 24, 2015 – Filed May 13, 2015

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Peter Demos Protopapas, of Rikard & Protopapas, LLC, of Columbia, for Respondent.

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension ranging from one (1) to three (3) years. He requests the suspension be imposed retroactively to January 13, 2012, the date of his interim suspension. In the Matter of Gay, 396 S.C. 287, 721 S.E.2d 429 (2012). In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline, to pay restitution to the mediator as discussed hereafter, and to complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the imposition of a sanction. Respondent further agrees he shall not be eligible to seek reinstatement until all conditions of his criminal sentences have been satisfied. We accept the Agreement and suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension. Further, respondent shall pay the costs incurred in the investigation

and prosecution of this matter within thirty (30) days of the date of this opinion, shall pay restitution to the mediator as discussed below, and shall complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the date of this opinion.  Respondent shall not be eligible to seek reinstatement until he has satisfied all conditions of his criminal sentences.  The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent was appointed to defend Complainant A on a number of criminal charges.  Complainant A had already been convicted on separate charges at trial with different counsel.  Complainant A decided he did not want to go to trial again but, rather, he wanted to plead guilty on the remaining charges.  Complainant A pled guilty to two charges before one judge and seven charges before another judge.  He was sentenced on March 30, 2009, and April 27, 2009, respectively.

Complainant A requested respondent appeal his convictions and sentences; respondent promised to do as requested.  The appeal from the March 30, 2009, sentence was dismissed because respondent failed to timely file and serve the Notice of Appeal.  In addition, respondent did not cite any issue on which the appeal could properly proceed as required by Rule 203(B), SCACR.  Respondent represents he does not believe any preserved issues existed, but that he filed the Notices of Appeal because his client directed he do so.  Respondent admits he did not reply to any correspondence from the South Carolina Court of Appeals or follow the court's directives to pursue the appeals.  Respondent failed to respond or take any action on Complainant A's behalf.

As a result of respondent's complacency, Complainant A's appeals were dismissed and, when respondent did not request reinstatement of the appeals, the matters were remitted to the trial court.  Respondent admits that he mistakenly believed that his representation of Complainant A ended with the filing of the Notices of Appeal.  He explains he thought the Division of Appellate Defense, a division of the South Carolina Commission on Indigent Defense, would assume the representation, but he did not contact that agency in spite of written warning from the Court of Appeals that unless he provided the Commission on Indigent Defense with all information needed to proceed, he would remain counsel of record.  Multiple letters from the court clearly explained that respondent was still

responsible for Complainant A's appeals and that respondent needed to take action. Respondent admitted he did not contact the Commission on Indigent Defense to see whether it would handle Complainant A's appeals. Respondent did not advise Complainant A that his appeals had been dismissed.

In addition, respondent did not reply to correspondence from Complainant A. On several occasions, Complainant A wrote respondent or had his family call respondent to request copies of the transcripts, his case file, discovery, and all other relevant documents. Respondent did not respond.

## Matter II

Complainant B is a mediator who billed respondent for two separate mediations. Respondent failed to pay the bills in spite of repeated requests by the mediator for more than a year and a half. Respondent admits he did not pay the mediator for his services. Respondent states his clients had not paid him despite repeated requests and that he has not been in a financial position to resolve the debt himself. Respondent maintains that he intends to pay the mediator when he is able to do so.

## Matter III

Respondent self-reported his arrest for twelve counts of Failure to Pay Over or Account for Withholding Taxes in violation of S.C. Code Ann. § 12-54-44(B)(2). Because of the arrest, respondent was placed on interim suspension. Id. Respondent subsequently pled guilty to three counts of the lesser included offense of Failure to Pay Withholding Taxes, File a Return, or Maintain Records, in violation of S.C. Code Ann. § 12-54-44(B)(3). Respondent was sentenced to one year imprisonment, suspended upon the service of two years of probation, with probation to terminate upon the completion of eighty (80) hours of community service. Respondent's sentence was the same for each of the three counts to which he pled guilty with all sentences to run concurrently.

As part of the plea agreement, the original charges were dismissed without prejudice. Respondent was ordered to pay $1,500.00 for the cost of prosecuting the case and $11,469.00 in restitution to the State of South Carolina for the State employee withholding taxes.

## Matter IV

After he was placed on interim suspension, respondent spoke with a farmer about a potential foreclosure. Respondent admits his communication with the farmer violated the order placing him on interim suspension.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.2 (lawyer shall lawyer shall abide by client's decisions concerning objectives of representation and shall consult with client as to means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall provide prompt communication to client and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall promptly deliver to client property that client entitled to receive); Rule 1.16 (lawyer must comply with applicable law requiring notice to or permission of tribunal when terminating representation); Rule 4.4 (in representing client, lawyer shall not use means that have no substantial purpose other than to burden third person); Rule 5.5 (lawyer shall not practice law in violation of regulation of legal profession in that jurisdiction); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to commit criminal act involving moral turpitude); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground  for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We accept the Agreement and suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension.[1] Further, respondent shall pay restitution of $1,237.50 to the mediator referenced in

---

[1] Respondent's disciplinary history includes an admonition issued in 2007 and a public reprimand issued in 2010.  In the Matter of Gay, 388 S.C. 280, 696 S.E.2d 586 (2010).

Matter II within sixty (60) days of the date of this opinion. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion and shall complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the date of this opinion and provide proof of completion of the program to the Commission no later than ten (10) days after the conclusion of the program. Respondent shall not seek reinstatement until he has satisfied all conditions of his criminal sentences. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**